FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 27 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELODIE ANDERSON,<br><br>     Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>     Defendant. | Case No. EDCV 09-662 RNB<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 5-6), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider Dr.

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  Valdes's opinion(s).  The Court does not construe the statement in Dr. Valdes's
2  treatment notes to the effect that plaintiff experiences decreased attention and
3  concentration as an opinion, but rather as simply a recitation of what plaintiff was
4  reporting to him.  (See AR 278).  Dr. Valdes's assessment of plaintiff's current GAF
5  on initial intake was not probative of whether plaintiff had a severe mental
6  impairment; indeed, Dr. Valdes did not even purport to render an opinion on
7  plaintiff's highest GAF during the past year.  (See AR 275).  Likewise, Dr. Valdes's
8  assessment of plaintiff's seemingly improved GAF two days later was not probative
9  of whether plaintiff had a severe mental impairment.  (See AR 279).  Accordingly, the
10 ALJ did not err in failing to further discuss Dr. Valdes's GAF assessments.  See
11 Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ need
12 only discuss evidence that is significant and probative); see also Vincent v. Heckler
13 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ had failed to mention
14 letter from plaintiff's treating psychiatrist concluding that plaintiff was severely
15 impaired).

16      As to Disputed Issue No. 2, the Court concurs with the Commissioner that
17 plaintiff has mischaracterized the report form completed by Ms. Randolph on
18 September 8, 2008.  (See AR 305).  Ms. Randolph was not purporting to render an
19 opinion on plaintiff's current mental status.  The report was merely a discharge
20 summary report that closed out plaintiff's file after she failed to comply with
21 treatment.    Indeed, the Court deems plaintiff's failure to even reply to the
22 Commissioner's contentions with respect to Disputed Issue No. 2 as a concession to
23 the correctness of the Commissioner's position.

24      As to Disputed Issue No. 3, in view of the Court's rejection of plaintiff's
25 position with respect to Disputed Issue Nos. 1 and 2, as well as for the reasons stated
26 by the Commissioner (see Jt Stip at 10-11), the Court finds and concludes that reversal
27 is not warranted based on the ALJ's alleged failure to properly consider the severity
28 of plaintiff's mental impairment.

1    As to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt
2    Stip at 13-14), the Court finds and concludes that reversal is not warranted based on
3    the ALJ's alleged failure to properly consider the type, dosage, effectiveness, and side
4    effects of plaintiff's prescribed medications.   Medication side effects must be
5    medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845,
6    849 (1985). Thus, the instances cited by plaintiff in the Joint Stipulation of plaintiff
7    reporting side effects in her disability reports (see AR 110, 144) did not need to be
8    considered.   The Court also notes that plaintiff failed to even reply to the
9    Commissioner's contentions with respect to Disputed Issue No. 4, which the Court
10   again deems as a concession to the correctness of the Commissioner's position.

11   Finally, as to Disputed Issue No. 5, it follows from the Court's rejection of
12   plaintiff's contentions with respect to the other disputed issues that reversal is not
13   warranted based on the alleged failure of the ALJ to make a proper vocational
14   determination. Hypothetical questions posed to a vocational expert need not include
15   all alleged limitations, but rather only those limitations substantiated by the evidence
16   of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157,
17   1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989);
18   Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d
19   771, 773-74 (9th Cir. 1986). Here, the ALJ found that plaintiff did not suffer from a
20   severe mental impairment (see AR 12), and consequently the ALJ did not include any
21   mental limitations in his RFC assessment (see AR 16-17). The hypothetical posed to
22   the vocational expert upon which the ALJ relied for purposes of his vocational
23   determination therefore did comport with the limitations substantiated by the evidence
24   of record that the ALJ found to exist. (See AR 17, 38-39).

25                    * * * * * * * * * * * * * * * * * *
26   //
27   //
28   //

3

1    IT THEREFORE IS ORDERED that Judgment be entered affirming the

2  decision of the Commissioner and dismissing this action with prejudice.

3

4  DATED:  October 26, 2009

5

6                                        _____

7                                        ROBERT N. BLOCK
                                         UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4